WILLIAMS, Judge.
This is an appeal of a decision by the trial court finding that defendant Blaine-Hays Construction Company [“Blaine”] owed plaintiff Dutton and Vaughn, Inc. [“Dut-ton”] $5,827.00 pursuant to contractual work done on the Louisiana World’s Fair site.
Plaintiff asserts that it is entitled to recover pursuant to two separate agreements with defendant: (1) a sub-contract between the parties to perform work at the site and (2) an equipment rental contract. The trial court found that plaintiff was entitled to recover under both contracts. It is from this ruling that defendant appeals asserting that only one agreement existed, under which plaintiff was not entitled to recover.
We agree with the trial court that separate agreements existed. At trial, H. P. Vaughn, Vice-President and majority shareholder of Dutton, testified that defendant had sent plaintiff a contract wherein the equipment rental was to be made a part of their original agreement, subject to the same terms and conditions. Vaughn stated that this agreement was not signed because plaintiff believed that the equipment rental was a separate matter from the other work it was doing on the site. Apparently, the equipment was used at a different location at the World’s Fair site from the work plaintiff was performing. The trial court’s determination that two agreements existed was not manifestly erroneous in view of the evidence presented at trial. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Furthermore, the evidence presented at trial supports plaintiff’s claim that $5,457.00 was due from defendant. Blaine’s only defense was that the equipment rental was part of the original contract with plaintiff; it never argued that plaintiff did not provide these services or contested the accuracy of the amount sought. Because we agree that equipment rental was covered under a separate agreement, we must find that plaintiff is entitled to recover $5,457.00 from defendant.
Plaintiff also sought $370.00 from defendant pursuant to the sub-contract for other work it had performed. Defendant refused payment on the basis that the contract provided for payments to be made to plaintiff only when Louisiana World Exposition [“L.W.E.”] paid the contractor. Because L.W.E. had not paid, defendant argues that it is relieved of responsibility of paying plaintiff.
The interpretation of these “pay when paid” clauses recently has been addressed by this court in connection with other cases involving L.W.E. We have concluded that such a provision is a clear expression of the *640 parties’ intent, and that payment is not due a subcontractor unless a general contractor is paid. E.g. Strahan v. Landis Construction Company, 499 So.2d 417 (La.App. 4th Cir.1986); writ granted, 500 So.2d 414 (La. 1987). The trial court, therefore, was in error in awarding $370.00 allegedly due under the subcontractor to plaintiff.
For the foregoing reasons, the trial court’s decision awarding plaintiff $5,457.00 for equipment rental is affirmed. That portion of the judgment awarding plaintiff $370.00 pursuant to its contract with defendant is reversed.
AFFIRMED IN PART; REVERSED IN PART.